UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. _____24-cv-21524-RAR_____

FILED BY____ MC ____D.C.

APR 22 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MARC COOPER,

       Plaintiff,

v.

CITY OF OPA LOCKA, and

JOHN COOK, (personally and in his official capacity as an Opa Locka Code Enforcement Officer),

       Defendants,

_____/

## VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, DUE PROCESS VIOLATIONS AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Marc Cooper, *pro se,* herein files this Complaint against Defendants, the City of Opa Locka, and John Cook, Defendants herein and alleges:

### NATURE OF ACTION AND JURISDICITION

1. This is an action for damages under 42 U.S.C 1983 and 1988, and the First (1st), Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution, against Defendants for committing acts, under color of law, of malicious prosecution and deprivation of due process, with the intent and for the purposes of depriving Plaintiff of federally protected rights secured under the Constitution and the laws of the United States.

2. This Court has original jurisdiction over claims brought pursuant to 42 USC 1983.

3. Venue is appropriate pursuant to 28 USC 1391 in Southern District of Florida as it is the district where at least one of the Defendants reside, and all events giving rise to this cause of action occurred in this judicial district.

4. All conditions precedent to this action have occurred or been performed.

5. This complaint is based on the individual and concerted conduct of the named Defendants in using the police power of the State of Florida to deprive Plaintiff Cooper of his constitutional and civil rights. The Defendants' conduct, individually and jointly, made under color of law, violated the rights of Cooper under the First, Fourth and Fourteenth Amendment to the United States Constitution as well as the statutes and the laws of Florida.

PARTIES

6. Plaintiff, Marc Cooper, is *sui juris* and an individual who resides in Miami-Dade County, Fl., owns various properties within the city of Opa Locka, Fl.

7. Defendant, City of Opa Locka, is a political subdivision of the State of Florida, lying in Miami Dade County. In the cause, the City of Opa Locka acted through its agent, employees, servants, including that of its subagent, Code Enforcement Officer John Cook. The principal place of business for the city of Opa Locka is 780 Fisherman Street, 4th Floor, Opa Locka, Fl. 33054 in Miami-Dade County, Florida.

8. Defendant John Cook, an individual who resides in the city Opa Locka in Miami-Dade County, Florida, and in his capacity as Code Enforcement Officer for the City of Opa Locka.

9. At all-time relevant, the individual described herein, is an employee and public official of the City of Opa Locka, and duly acted within the scope of his duties as a Code Enforcement Officer with complete authority and ratification of the City of Opa Locka, and acted under color of state law. Defendant Cook acted outside his lawful capacity when he used the legal powers of the City of Opa Locka to commit the tort of malicious prosecution.

GENERAL ALLEGATIONS

10. Marc Cooper owns two properties in the city of Opa Locka, property #1, at 15060 nw 22 Ave, Opa Locka, Fl 33054 and property #2, at 2305 nw 150 Street, Opa Locka, Fl. 33054, both subject of this complaint.

11. On _____ a code enforcement citation, CE21090057, was issued by Code Enforcement Officer John Cook, on property #2, at 2305 nw 150 street, Opa Locka, Fl. 33054, in the name of the

2 of 9

property owner. A Code Enforcement Special Magistrate hearing was held on August 30,2022. At the hearing the Code Enforcement Hearing Magistrate and a Code Enforcement Officer held ex-parte conversations while Cooper's cases were being heard. Cooper asked the Magistrate to put the content of the conversations on the record. The Magistrate refused. Cooper objected on the record. Cooper filed a motion to recuse the Magistrate and for a rehearing. The Magistrate did not respond to the motion. On September 23, 2022, filed a complaint in the Miami-Dade County Circuit Court. (See attached 1)

12. On around October/November 2022, the Plaintiff spoke on a conference call with Opa Locka City Manager Mr. Darvin Williams, and as a settlement of the pending litigation, it was agreed that the city would cancel the citation and have it reissued in the name of the tenant. On the call Mr. Williams instructed Code Enforcement Supervisor Ms. Wilma Wilcox to effectuate this change. Ms. Wilcox instructed the issuing officer, Code Enforcement Officer John Cook, to do this.

13. On November 13, 2023, a lien search was performed on the property and discovered that the citation had not been cancelled and the Two-Hundred and Fifty Dollar ($250) daily running fine had grown to One Hundred Forty-Two Thousand Eight-Hundred Dollars ($148,000.00).

14. On November 27, 2023, Plaintiff Cooper sent an email to the City Manager Williams regarding the lien search and the mistake found therein.

15. On December 4, 2023, Ms. Wilcox requested that Plaintiff forward her a copy of the November 27, 2023, email sent to the City Manager. Cooper did. On December 4, 2023, Cooper went to the city of Opa Locka Code Enforcement office and overheard Ms. Wilcox vehemently asking Officer Cook if he had canceled the citation and reissued the citation in the name of the tenant; That this mistake was possibly "costing the city tens of thousands of dollars!" Cook had not.

3 of 9

16. On December 4. 2023, the City of Opa Locka issued a Void Citation or Reduce Fine Form cancelling the citation. Code Enforcement Officer John Cook's signature appears on the form. The citation was cancelled and no fine was collected.

17. Later that day, on December 4, 2023, Code Enforcement Officer Cook came to the Plaintiff's other property, #1, at 15060 nw 22 ave, Opa Locka, Fl, Fl. 33054, did not enter the property but did place a Warning Notice on the exterior wall of the building. Later in the afternoon the same Warning Notice was removed by Officer Cook. A neighboring tenant saw this occur and informed Cooper. Cooper never received a copy of the Warning. No code enforcement officer entered the inside of the property on December 4, 2023. No inspection was performed. Cook claimed that he had looked up the property "card" and had noticed that no permit was ever issued for this property for a kitchen. The property housed a restaurant and a kitchen for the past 20 years.

18. The following day, December 5, 2023, Officer Cook came to the 15060 property and this time entered the property and issued a Code Enforcement Warning, number 69117, for section 7-3 "work performed without permits installed kitchen, electrical plumbing and mechanical A/C. After the fact permits required."

19. Cooper hired a general contractor to sign a permit application and went to the city's permitting officer but could not explain to the city staff what work needed to be permitted. Cooper then summoned Officer Cook to the permitting office and he told the staff Cooper needed an after the fact permit for a commercial kitchen. No new work was done rather Cook decided it was time for Cooper to pull a permit.

20. On December 13, 2023, Plaintiff Cooper sent an email to City Manager Williams expressing his concern regarding Officer Cook, specifically that there was No Probable cause for Cook's December 5, 2023, Warning Notice, number 69117, and that Cooper felt the Cook's December 4, 2023, actions may have been in retaliation for the cancelled citation and fine.

21. The email reads,

4 of 9

"I wish to bring to your attention an unfortunate situation that has resulted from your recent decision as city manager. Code Enforcement Officer's Cook's Warning number 69117 (See Attached 1) is forcing me to pull after the fact permits at my property without probable cause of a violation existing. Officer Cook's Warning cites section 7-3 of the City Ordinance but then contorts its application to tease out code violations in the absence of information. In the interim my civil rights and my property rights are being infringed upon by Officer Cook and the City of Opa Locka and my tenant's ability to obtain their occupational license is being delayed."

"On December 5, Officer Cook called me and told me that he was posting the Warning at my property and that maybe I had some "magic act" that could help me get out of this too. I did not address the slick comment. I informed Officer Cook that my tenant has his Occupational License Application in with the city already. Officer Cook stated that the tenant would need to wait until these permits were pulled."

"On December 4, Officer Cook came to my property and informed me that he had inspected my property and that I needed to pull after the fact permits for the kitchen and the air conditioning. I informed Officer Cook that the kitchen and air conditioning unit were at the property since the time that I bought the property on March 21, 2013. I further reminded Officer Cook that I had seen him patronize my previous tenant's restaurant business at the property and that he had never raised the issue before. I asked Cook if he had seen any new building work being performed at the property now and he stated that he had not. Rather, Cook stated that he had looked up "the card" of my property and seen that no permit for a kitchen or air conditioning had ever been pulled. In the absence of these permits, Cook stated, I needed to pull an after the fact permit. Cook stated that he could not get me on a structural permit because he did not if I had made any changes to the structure but that the accompanying plumbing and electrical work related to the kitchen needed a permit as well."

further down,

"I will remind you that I came to the City of Opa Locka in 2010 and lived through the weaponization of the code enforcement department that caused havoc to property owners and residents of our community."

Lastly the email reads in the last sentence,

"If Cook lacks the temperament to be reprimanded by a superior and then not act with malice against the same person the very next day, I ask that he be taken off the beat of my properties."

22. Then on/around February, 2024, Code Enforcement Officer Cook came to Cooper's other property,

the 2305 nw 150 Street property, with approximately 4 uniformed police officers regarding a tenant's UNTAUSØb VerH CCBS
occupational license. No citation nor warning was issued. Cook threatened to have the tenant arrested.

The Haitian-American tenants felt threatened by the amount of police officers involved.

5 of 9

23. Soon thereafter Cooper met with City Manager Williams and informed Williams that Officer Cook had gone to his 2305 property with four police officers. Cooper also reminded the City Manager of Cook's possible vindictive actions at the 15060 property with no probable cause. The City Manager stated that he would speak with Ms. Wilcox about it.

24. On Monday, April 15, 2024, Code Enforcement Officer Cook again arrived at the 2305 nw 150 Street address this time with 6 police officers in four police cars and entered the property. Cooper called City Manager Williams on his cell phone but Mr. Williams did not answer. Cooper drove to city hall to speak with the city manager but he was not available. Cooper saw the police chief in the lobby area of city hall and asked why 6 police officers would be sent to his property. The police chief responded that the police officers were put at the direction of the Department of Code Enforcement.

25. Cooper went to the property, found Officer Cook and the Opa Locka Police inside the property and asked the Police and Cook if they had a warrant. Cook answered no and Cooper asked that they leave the property. A female police officer stated that they were there just to keep the peace. Six police officers were present to keep the peace. At this time no warning nor citation was issued.

26. Cooper texted pictures to the City Manager. City Manager Williams told Cooper he would call him later that day.

27. At the end of the day Cook issued a warning to the property, Warning Notice number 71022, dated April 15, 2024., for "Vehicles without current license plate prohibited from being parked or stored on property."

This lawsuit followed.

<u>COUNT I (As to both defendants)</u>

(Violation of First, Fourth and Fourteenth Amendments)

28. Plaintiff repeats, re-allege and incorporates by reference paragraphs 1-27 as if fully set forth herein; Defendant City of Opa Locka and its employee, John Cook, have engaged under the color of law in the unlawful practices in violation of Plaintiff's First, Fourth and Fourteenth Amendment Rights. Similarly situated Opa Locka property owners have not had to face the unwarranted, unjustified and malicious prosecution of Officer Cook resulting from a corrected mistake authorized by the City Manager. Cooper enjoyed a First Amendment right to petition the Government for a redress of his grievances regarding the ex parte communications when he filed his Circuit Court complaint. Cooper had no reason to believe that the settlement of the lawsuit would expose him to Fourth Amendment violations of unreasonable search and seizures by the same Code Enforcement Officer. Lastly, Cooper should not be treated differently to all other situated stakeholders resulting in violation of his Fourteenth Amendment Rights. Cook acted with willful, calculated, reckless, intentional and malicious intent in derogation of the Plaintiff's rights under federal or state law.

29. As a direct and proximate result of the violations of Plaintiff's First, Fourth and Fourteenth Amendment rights have been violated. By their acts and omissions, the City of Opa Locka and Code Enforcement Officer Cook acted under color of law with Malicious Prosecution to deprive Plaintiff of his Equal Protection rights guaranteed by the Fourteenth Amendment in violation of 42 USC 1983. As a direct and proximate result of the violation of Plaintiff's First, Fourth and Fourteenth Amendment rights, Plaintiff has suffered mental and emotional pain and suffering, mental anguish, has a well-founded fear of attending the next Code Enforcement hearing on April 23, 2024, for fear of facing similar reprisals from Officer Cook, embarrassment, humiliation and other damages.

30. The City of Opa Locka did not properly supervise its employee and protect the Plaintiff from its employee's malicious actions resulting from the cancellation of the original citation.

31. Defendant City owed a duty to take reasonable care in the training and supervision of its employees. Six Officers were put at the direction of Officer Cook to conduct his Code Enforcement activities. This excessive force was not meant to keep the peace but to show Cooper and his tenants what could be done by Officer Cook under the color of law. The use of excessive force was done with callous and deliberate indifference to Cooper's federally and state protected right to be free from excessive use of force.

WHEREFORE, Plaintiff demands judgment for damages against Defendants City of Opa Locka and John Cook as set forth herein below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests Judgment against Defendants as follows:

1. All declaratory judgments and other relief this Court deems equitable and just.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury of all issues triable by jury.

DATED: April 19, 2024

8 of 9

Verified Oath

STATE OF FLORIDA

COUNTY OF MIAMI-DADE COUNTY

The foregoing instrument was acknowledged before me this __22__ day of April, 2024, by

Marc Cooper _____ .

Notary Public State of Florida
Destinee Alvarez
My Commission HH 426520
Expires 7/26/2027

Notary

Personally Known ____ or Produced Identification type _FCDL:C160-540-75-081-0_

Respectfully Submitted,

MARC COOPER

6801 SW 75 TERRACE

MIAMI, FL. 33143

marccooper5@gmail.com

305-316-0626

9 of 9.

*1*

# IN THE CIRCUIT COURT OF ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: _____  22-18353 CA01

(07)

L.T. No.: CE21120002, CE21090056, CE211090057

25th AVE WAREHOUSE LLC and

24th AVE WAREHOUSE LLC and

MARC COOPER

    Petitioners,

vs.

CITY OF OPA LOCKA

    Respondent,

## EMERGENCY VERFIFIED PETITION FOR WRIT OF PROHIBITION

MARC COOPER

6801 SW 75 TERRACE

MIAMI, FL. 33143

MARCCCOOPER5@GMAIL.COM

305-316-0626

i

COMES NOW, Petitioners, Pursuant to Florida Rules of Appellate Procedure 9.100 (e) and 9.030 (b)(3), and file this Petition for Writ of Prohibition disqualifying the City of Opa Locka Special Magistrate, the Honorable Beatrice Cazeau, prohibiting further action by Special Magistrate Cazeau, pending the adjudication of this petition for writ for prohibition, and for an order remanding the cases to the Special Magistrate for reassignment to another jurist and for rehearing and reconsideration, and in support, states:

## Introduction

On August 30, 2022, a hearing was held by the Opa Locka Code Enforcement Special Magistrate Cazeau regarding three citations issued against the Petitioners. Marc Cooper owns two properties in the City of Opa Locka and was at the hearing to defend his cases. At the hearing, while hearing the Petitioners' cases, the Special Magistrate engaged in ex parte communications with the Code Enforcement officer seated to her left. After these communications, the Special Magistrate then directed a question to the city of Opa locka witness, Mr. Lee. Cooper immediately objected to the ex parte communications and requested that the Special Magistrate place on the record what she had been told by the Officer. The Special Magistrate declined to do so. As of today the Petitioners have never been informed what was communicated to the Special Magistrate. On September 6, 2022, the Petitioner filed a sworn Motion for Recuse Judge/Special Magistrate and Motion for Rehearing and Reconsideration Verified Motion to Disqualify and Incorporated Memorandum of Law. (See 1) To date, the motion remains unaddressed. Petitioner seeks writ of prohibition prior to the next scheduled Special Magistrate hearing date, on September 27, 2022. (See 2) Because the recusal motion is legally sufficient and timely, this petition for writ of prohibition should be granted, the cases should be reassigned to another Special Magistrate, and a rehearing be held.

## I. Jurisdiction of the Court

This Eleventh Judicial Circuit Court sits in appellate capacity in reviewing Miami Dade Code Enforcement Special Magistrates. This Court has jurisdiction to review a trial judge's refusal to disqualify himself/herself. See Bundy v. Rudd, 366 So. 2d 440, 442 (Fla. 1978) (if a basis for disqualification has been established

7

"prohibition is both an appropriate and necessary remedy"); Hill v. Feder, 564 So. 2d 609, 609 (Fla. 3d DCA 1990) (same); see also Fla. R. App. P. 9.030(3) (district courts of appeal may issue writs of prohibition).

## II. Statement of the Case and Facts

On August 30, 2022, a Code Enforcement hearing was held at the City of Opa Lock. The Honorable Beatrice Cazeau was the Special Magistrate. Marc Cooper is the owner of two properties in the city of Opa Locka and appeared at the code enforcement hearing. During the hearing on the citations Cooper noticed that the Special Magistrate was being communicated with by a code enforcement officer seated to her immediate left. The Special Magistrate then asked a question of the city witness, Mr. Lee. Cooper objected on the record and requested that the content of the ex parte communications be placed on the record. The Special Magistrate refused to do so. On September 6, Cooper emailed the Special Magistrate to her Florida Bar listed email, beatrice@cazeaulawfirm.com a copy of the recusal motion. Cooper also emailed to the City of Opa Locka City attorney. (See 3)

The September 6, 2022, Motion, states,

"5. During the August 30, 2022 hearing, while addressing the merits of the Respondent's case, the Special Magistrate allowed herself to be communicated with by the Code Enforcement Officer seated immediately to her left in an off the record manner. After this communication occurred for about 30 seconds the Magistrate judge then asked a question of the city's witness. The Respondent immediately requested that the Magistrate put on the record the content of the ex-parte communications she had just had with the Code Enforcement officer. The Magistrate ignored the Respondent's request and continued to have Ex-Parte communications with the Code Enforcement Officer. The Respondent then Objected again and asked that the Ex-Parte communications stop. The Magistrate stated that she was communicating with the Code Enforcement officer not while issuing her judgment on the cases as if this distinction cured the matter. The Respondent asked that the content of the conversation be put on the record. It was not.

3

No response was received on September 6, 2022. On September 7, 2022, Cooper asked the clerk of the city of Opa Locka to forward the Motion to the parties. No response was received to her emails. On September 12, 2022, Cooper resent the Motion via email to the two recipients. No response was received. On September 20, 2022, Cooper had a process server personally serve the Special Magistrate at her law office. (See 4) No response has been received. On September 27, 2022, a next hearing is set for the citations before the same Special Magistrate. (See 4)

### III. Nature of the Relief Sought

Petitioners request a writ of prohibition disqualifying Special Magistrate Cazeau, an order remanding the case to the Special Magistrate for reassignment to another judge, a hearing for rehearing and reconsideration.

### IV. Argument

### A. The Standard for a Motion to Disqualify

The standard of review for the legal sufficiency of a motion to disqualify is de novo. See R.M.C. v. D.C., 77 So.3d 234, 236 (Fla. 1st DCA 2012).

The only issue before this Court is the question of legal sufficiency of the motion;

> "A motion is legally sufficient if it alleges facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Id. (quoting MacKenzie v. Super Kids Bargain  Store, Inc., 565 So.2d 1332 (Fla.1990)). A mere "subjective fear" of bias will not be legally sufficient; rather, the fear must be objectively reasonable.

Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986).

In making a determination on an initial motion for disqualification, the trial court must follow the requirements of rule 2.330(f) of the Florida Rules of Judicial Administration. This provision requires the trial court to determine only if the motion is legally sufficient; the trial court may not consider whether the factual assertions of the motion are true." Messianu v. Pigna, 180 So.3d 229 (Fla. 3rd DCA 2015); See also Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978).

4

"The facts alleged in a motion seeking to disqualify a trial judge must be evaluated as true for the purposes of determining legal sufficiency." Messianu v. Pigna, 180 So.3d 229 (Fla. 3rd DCA 2015) See also City of Hollywood v. Witt, 868 So.2d 1214, 1217 (Fla. 4th DCA 2004).

The issue before this Court is the legal sufficiency of the motion to disqualify the Special Magistrate judge. In order to demonstrate legal sufficiency, Petitioners need only show:

'a well grounded fear that he will not receive a fair [hearing] at the

hands of the judge. It is not a question of how the judge feels; it is

a question of what feeling resides in the affiant's mind and the

basis for such feeling.' State ex rel. Brown v. Dewell, 131 Fla. 566,

573, 179 So. 695, 697- 98 (1938). See also Hayslip v. Douglas, 400

So. 2d 553 (Fla. 4th DCA 1981).

The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially. State v. Livingston, 441 So. 2d 1083, 1086 (Fla. 1983)(emphasis added).

Due process guarantees the right to a neutral, detached judiciary in order "to convey to the individual a feeling that the government has dealt with him fairly, as well as to minimize the risk of mistaken deprivations of protected interests." Carey v. Piphus, 435 U.S. 247, 262 (1978).

The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision- making

5

process. See Carey v. Piphus, 435 U.S. 247, 259-262, 266-267 (1978).

Canon 3E, Fla. Code Jud. Conduct, and Rule 2.330, Fla. R. Jud. Admin., mandates that a judge disqualify himself in a proceeding "in which the judge's impartiality might reasonably be questioned." The disqualification rules require judges to avoid even the appearance of impropriety: It is the established law of this State that every litigant, including the State in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of the court to scrupulously guard this right of the litigant and to refrain from attempting to exercise jurisdiction in any manner where his qualification to do so is seriously brought into question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice.

> See Crosby v. State, 97 So.2d 181 (Fla. 1957); State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939); Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); State ex rel. Mickle v. Rowe, 100 Fla. 1382, 131 So. 3331 (1930).

The prejudice of a judge is a delicate question for a litigant to raise but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge in question should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned. Dickenson v. Parks, 104 Fla. 577,

140 So. 459 (1932); State ex rel. Aguiar v. Chappell, 344 So.2d 925

(Fla. 3d DCA 1977). State v. Steele, 348 So. 2d 398, 401 (Fla. 3rd DCA 1977).

> "A party seeking to disqualify a judge need only show 'a well-grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling."

> Zanghi v. State, 61 So.3d 1263 (Fla. 4th DCA 2011).

Additionally, the Florida Supreme Court has stated that:

[A] party seeking to disqualify a judge need only show 'a well- grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling.' [citations omitted]

The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially.

See Livingston v. State, 441 So. 2d 1083, 1086 (Fla. 1983); see also MacKenzie v. Superkids Bargain Store, Inc., 565 So. 2d 1332, 1336 (Fla. 1990) ("The appearance of impropriety or bias is of special concern where the branch of government involved is that charged with the duty of remaining impartial, i.e., the judiciary.").

"A judge shall not ... convey or permit others to convey the impression that they are in a special position to influence the judge.").

Florida Code of Judicial Conduct Canon 2B

Failing to follow binding case law in denying the Motion to Disqualify is tantamount to violating Petitioners' due process right to the cold neutrality of an impartial judge, requiring this Court to issue a writ of prohibition and require the case be reassign to another judge.

The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the court's own perception of its ability. The trial court should be disqualified and the matter transferred to another judge. Molina, Id. See also Miami Dade College v. Turnberry Inv., Inc., 979 So.2d 1211 (Fla. 3d DCA 2008); Valdes–Fauli v. Valdes–Fauli, 903 So.2d 214, 216 (Fla. 3d DCA 2005); Kopel v. Kopel, 832 So.2d 108 37 (Fla. 3d DCA 2002); Royal Caribbean Cruises, Ltd. v. Doe, 767 So.2d 626 (Fla. 3d DCA 2000); Tindle v. Tindle, 761 So.2d 424 (Fla. 5th DCA 2000).

## B. Timeliness

Cooper has a well-ground fear of not receiving a fair and impartial hearing and trial on these matters requiring disqualification. Cooper's motion was timely as it was filed within 7 days after the August 30, 2022, hearing. See Fla. R. Jud. Admin. 2.330(e) (motion to disqualify must be filed within a reasonable time not to exceed 10 days).

The Emergency nature of this Petition for Writ of Prohibition results from the Special Magistrate not responding in a timely manner to the Motion to Recuse and now has a September 27, 2022, hearing date scheduled for these cases.

## CONCLUSION

In determining the legal sufficiency of a motion for disqualification, the test is "whether 'the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.'" Based on this well-known standard, Petitioner has set a legally sufficient ground for disqualification.

For this compelling reason, this Court should issue a writ of prohibition and enter an order remanding the case to the Special Magistrate court for reassignment to another Special Magistrate, and set the cases for rehearing and reconsideration.

**WHEREFORE,** Petitioner respectfully requests this Court GRANT this Petition and issue writ of prohibition disqualifying Special Master Cazeau, and issue an order remanding the case to the Special Master for reassignment to another judge and set a hearing for rehearing and reconsideration.

## CERTIFICATE OF SERVICE

Upon Filing, I hereby certify that a true and correct copy of the foregoing will be served via e-mail this _____ day of September, 2022 to:

The Honorable Beatrice Cazeau ( beatrice@cazeaulawfirm.com) and by court process server at 1909 ne 168 street, North Miami Beach, fl. 33162, and City of Opa Locka City Attorney Burnadette Norris-Weeks, at cityattorney@opalockafl.gov.

## NOTICE OF COMPLAINCE - TYPE SIZE

In accordance with Florida Rule of Appellate Procedure 9.210(a)(2), this

Petition uses Times New Roman 14 point font.

## VERIFIED DECLARATION

Pursuant to F.S.92.525(b), under penalties of perjury, I declare that i have read the foregoing and that the facts stated in it are true and correct.

Marc Cooper

6801 sw 75 Terrace

Miami, Fl. 33143

marccooper5@gmail.com

305-316-0626

A HEARING BEFORE THE HONORABLE SPECIAL MASTER,

CITY OF OPA LOCKA, FLORIDA

CITY OF OPA LOCKA

  Petitioner,                                    CE 21120002, CE21090056, CE211090057

vs.

25th AVE WAREHOUSE LLC and

24TH AVE WAREHOUSE LLC

  Respondents,

_____

**Motion to Recuse Judge/Special Magistrate and Motion for Rehearing and Reconsideration**

**VERIFIED MOTION TO DISQUALIFY AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Respondents, by and through its Manager, pursuant to Rule 2.330, Florida Rules of Judicial Administration, and hereby files this Verified Motion to Disqualify and Incorporated Memorandum of Law, and Motion for Rehearing and Reconsideration, and in support thereof, states as follows:

1. Rule 2.330, Fla. R. Jud. Admin. allows a party to seek disqualification of the assigned trial judge where the party feels it will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge. Rule 2.330 (f), Fla. R. Jud. Admin. provides that, upon <u>receipt of a legally sufficient</u> motion to disqualify, "the judge <u>shall</u> <u>immediately</u> enter an order granting disqualification and proceed no further in the action."

2. This Motion is timely filed. The principal facts constituting the grounds for this Motion occurred at the August 30, 2022, Code Enforcement Hearing presided upon by the Honorable Beatrize Cazeau. The Magistrate's actions were contemporaneously objected to at the hearing by the Respondent and this motion is being presented to the same Magistrate for an immediate ruling. An audio copy of the hearing has been requested and will be filed upon receipt (See attached 1).

3. This Motion is filed with all due respect to the Court. Under the circumstances the Respondent believes disqualification is the only remedy.

4. A recitation of the occurred facts is as follows:

5. During the August 30, 2022, hearing, while addressing the merits of the Respondent's case, the Special Magistrate allowed herself to be communicated with by the Code Enforcement Officer seated immediately to her left in an off the record manner. After this communication occurred for about 30 seconds the Magistrate

judge then asked a question of the city's witness. The Respondent immediately requested that the Magistrate put on the record the content of the ex-parte communications she had just had with the Code Enforcement officer. The Magistrate ignored the Respondent's request and continued to have Ex-Parte communications with the Code Enforcement Officer. The Respondent then Objected again and asked that the Ex-Parte communications stop. The Magistrate stated that she was communicating with the Code Enforcement officer not while issuing her judgement on the case as of this distinction cured the matter. The Responded asked that the content of the conversation be put on the record. It was not.

6.  Later when the Respondent's next case was called up, the Magistrate communicated off the record with a person to her right. The Respond then objected to the ex-parte communications and was told by the Magistrate that the person she was communicating with was her clerk. There was no way for the Respondent to know this. The Respondent reminded the Magistrate that she never put on the record her ex-parte communications in the prior case. Again the Magistrate did not clear the record.

7.  The Respondent informed the Magistrate that her actions were making a mess of the hearing, that she had "blown off" his request to clarify the content of the ex-parte communications, and that and that he would be appealing.

8.  The hearing ended.

## MEMORANDUM OF LAW

Rule 2.330, Fla. R. Jud. Admin., allows a party to seek disqualification of the assigned trial judge where the party feels he will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge. Rule 2.330(f), Fla. R. Jud. Admin. provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall immediately enter an order granting disqualification and proceed no further in the action."

The Respondent believes the Court is prejudiced against him. The Magistrate allowed itself to be communicated with in an ex-parte manner while addressing the Respondent's case and when prompted did not put on the record the nature of the communication. Thus, the Respondent's fear that he did not receive a fair hearing is well-founded, objective, and reasonable.

"When a judge enters into the proceedings and becomes a participant or an advocate, a shadow is cast upon judicial neutrality." R.O. v. State, 46 So. 3d 124, 126 (Fla. 3d DCA 2010); see also Williams v. State, 160 So. 3d 541, 544 (Fla. 4th DCA 2015). Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle. See Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993) (holding that a trial judge's provision of strategic advice to a party during a trial demonstrated impermissible bias); see also J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998) (disapproving a trial judge who assisted with a delinquency prosecution by requesting the production of additional State's evidence).

"Prejudice of a judge is a delicate question to raise, but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself." Livingston v. State, 441 So.2d 1083, 1085 (emphasis added). Where there is any legally sufficient basis, whether factually accurate or not, for a founded fear of possible prejudice to exist in the mind of a defendant, recusal is mandated. See, e.g., Management Corporation of America. Inc. v. Grossman, 396 So.2d 1169 (Fla. 3rd DCA 1981).

A motion to disqualify a judge must establish a fear on the part of the movant that he or she will not receive a fair and impartial hearing. *See, Quince v. State*, 592 So. 2d 669, 670 (Fla. 1992). The motion "must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy." *Rivera v. State*, 717 So. 2d 477, 480-81 (Fla. 1998). The instant motion is well founded, based on the record, and respectfully consists of germane facts showing the bias and prejudice of the Court.

In determining the legal sufficiency of a motion to disqualify, a court looks to see whether the facts alleged would place a reasonably prudent person in fear of not receiving fair and impartial treatment from the trial judge. *See, e.g., Johnson v. State*, 769 So. 2d 990 (Fla. 2000).

In the instant case, a reasonably prudent person, would be in fear that the Court, because its ex-parte communications with the Petitioner deprived the Respondent of fair and impartial treatment.

## MOTION FOR REHEARING AND RECONSIDERATION

Respondent respectfully requests that the cases be Reheard and Reconsidered by a subsequent Magistrate Judge free from any Ex-Parte communications with either side.

WHEREFORE, Defendant prays this Honorable Court enter an Order of Recusal.

### CERTICIFATE OF SERVICE

RESPONDENT's Manager Marc Cooper hereby certifies that the foregoing document has been emailed to the City of Opa Locka City Attorney Burnadette Norris-Weeks, at cityattorney@opalockafl.gov and to the Special Master at Ms. Beautize Cazeau, at beatrice@cazeaulawfirm.com and filed with the City of Opa Locka Clerk of the City, on September 6, 2022.

### Verified Declaration

Pursuant to F.S. 92.525(b), Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true and correct.

Respectfully Submitted,

Marc Cooper

6801 sw 75 Terrace

Miami, Fl. 33143

Marccooper5@gmail.com

305-316-0626

Case 1:24-cv-21524-RAR   Document 1   Entered on FLSD Docket 04/22/2024   Page 22 of 34


# Gmail

Q  city of opa locka

**Compose**

Inbox                    165,306

Starred

Snoozed

Important

Sent

Drafts                   860

Categories

More

**Labels**

[Imap]/Trash             36

Notes

Personal

Travel

More

## City of Opa-locka - Public Records Reque:

JustFOIA Notification <donotreply@request.justfoia.com>
to me

Dear Requestor,

Your public records request has been received by the Opa-locka City Cl

Your security key is 634934.

Your request reference number is Request Number: PR-2022-33.

Please have this security key and reference number available when con

We are committed to responding to your public records request in a time

Opa-locka City Clerk's Office

780 Fisherman St, 4th floor
Opa-locka, FL 33054

305-953-2868 ext 1103

jflores@opalockafl.gov

*Note: This is an automated email notification. Please do not respond to

( Reply )   ( Forward )



# Code Enforcement Department

**City of Opa-Locka**
Petitioner
    vs.
**Respondent**
**25TH AVE WAREHOUSE LLC**

CE Number: CE21120002
Folio Number: 08-2122-002-0430

### Notice of Violation and Notice of Hearing

Pursuant to Section 13-2, of the City of Opa-Locka Code, THE UNDERSIGNED Code Inspector, (J.COOK), hereby gives notice of an uncorrected violation of the City of Opa-Locka Code, as more particularly described herein, and hereby request a PUBLIC HEARING before the Code Enforcement Special Master.

Location/Address where violation exist: 14569 NW 25 AVE
Name and mailing address of owner/person in charge of location where violation exist:
Name: 25TH AVE WAREHOUSE LLC
Address: 2843 S BAYSHORE DR #7B
City, State:  MIAMI, FL 33133
Date of Violation: 6/16/2022

Description of Violation: No current occ license. Reset 30 days Client's & City Atty's & Zoning needs to be present

Fine Amount: $ 500.00 Other cost $ 86.00 Amount due $586.00

Unless Respondent corrects the violation described herein by the date set for above and contacts the undersigned Code Inspector to verify compliance with city code cited herein, notice is hereby given that pursuant to section 8.1-20 of the City's Code of the City of Opa-Locka, a PUBLIC HEARING will be conducted in the above style cause before the code enforcement Special Master on 09/27/2022 at 10:30am, location: 215 Perviz Avenue, Opa-Locka, Florida 33054, and whereas the City of Opa-Locka, Florida pursuant to section 162.09 F.S.(2003), impose court cost as part of costs associated with enforcement of code violation in the amount of $239.40, plus other cost.

The Special Master will receive testimony and evidence as said Public Hearing and shall make findings of fact as are supported by the testimony and evidence pertaining to matter alleged herein. Should you not show up at this hearing your case will still be heard, declared as default, and the Special Magistrate will make a final judgment which can only be appealed within 30 days of execution through the circuit court pursuant to section 162.11 FS (2009).

Notice: If you are going to be represented by an attorney, The Attorney should file a Notice of Appearance with the Board, P.O. Box 540371, Opa-Locka, Florida 33054.

9/22/22, 12:28 PM
Gmail - (no subject)
Case 1:24-cv-21524-RAR   Document 1   Entered on FLSD Docket 04/22/2024   Page 24 of 34

M Gmail

marc cooper <marccooper5@gmail.com>

**(no subject)**
23 messages

---

**marc cooper** <marccooper5@gmail.com>                    Tue, Sep 6, 2022 at 11:08 AM
To: City Attorney <cityattorney@opalockafl.gov>, beatrice@cazeaulawfirm.com

good morning, pls see attached. thank you

📄 **motiontorecuse.pdf**
   11339K

---

**marc cooper** <marccooper5@gmail.com>                    Wed, Sep 7, 2022 at 5:02 PM
To: Joanna Flores <jflores@opalockafl.gov>

Good afternoon, pls do me a favor, I sent this email and attachment to the city attorney and magistrate but have not heard back. Could you send it for me and keep a copy for yourself. Perhaps I have the wrong contact information . Thank you in advance for your help
[Quoted text hidden]

📄 **motiontorecuse.pdf**
   11339K

---

**Joanna Flores** <jflores@opalockafl.gov>                    Thu, Sep 8, 2022 at 8:55 AM
To: marc cooper <marccooper5@gmail.com>

Good morning,


I forwarded the information to our City Attorney, however, I do not have any contact information for the special magistrate.


Sincerely,

**Joanna Flores, CMC**

City Clerk

City of Opa-locka

780 Fisherman Street, 4th Floor

Opa-locka, FL 33054

Tele: (305) 953-2800

Cell: (786) 877-4038

Email: jflores@opalockafl.gov

Website: www.opalockafl.gov


**From:** marc cooper <marccooper5@gmail.com>
**Sent:** Wednesday, September 7, 2022 5:02 PM
**To:** Joanna Flores <jflores@Opalockafl.gov>
**Subject:** Fwd:


CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

[Quoted text hidden]

Public Records Notice: Under Florida Law, email addresses and electronic communications are public records. If you do not want your email address or the content of your electronic communication released in response to a public records request, do not send electronic mail to this entity.

---

**marc cooper** <marccooper5@gmail.com>
To: Joanna Flores <jflores@opalockafl.gov>

Thu, Sep 8, 2022 at 8:56 AM

Thx. I sent the email to her email listed at the Florida bar but haven't heard back. Maybe the city attorney has a better email for her? Thx again for your help
[Quoted text hidden]

---

**marc cooper** <marccooper5@gmail.com>
To: Joanna Flores <jflores@opalockafl.gov>

Thu, Sep 8, 2022 at 8:57 AM

The Florida bar listed email is at the bottom of the certificate of service . Thx

On Thu, Sep 8, 2022 at 8:55 AM Joanna Flores <jflores@opalockafl.gov> wrote:
[Quoted text hidden]

---

**marc cooper** <marccooper5@gmail.com>
To: "counsel@yhlegal.com" <counsel@yhlegal.com>

Thu, Sep 8, 2022 at 9:28 AM

Pls see attached thx

---------- Forwarded message ----------
From: **marc cooper** <marccooper5@gmail.com>
Date: Tue, Sep 6, 2022 at 11:08 AM
Subject:
To: City Attorney <cityattorney@opalockafl.gov>, <beatrice@cazeaulawfirm.com>

[Quoted text hidden]

📄 **motiontorecuse.pdf**
11339K

---

**marc cooper** <marccooper5@gmail.com>
To: City Attorney <cityattorney@opalockafl.gov>, Joanna Flores <jflores@opalockafl.gov>, beatrice@cazeaulawfirm.com

Mon, Sep 12, 2022 at 6:22 AM

Good morning, I emailed this motion on September 6, please review and respond. Thank you in advance. Marc cooper

---------- Forwarded message ----------
From: **marc cooper** <marccooper5@gmail.com>
Date: Tue, Sep 6, 2022 at 11:08 AM
Subject:
To: City Attorney <cityattorney@opalockafl.gov>, <beatrice@cazeaulawfirm.com>

[Quoted text hidden]

📄 **motiontorecuse.pdf**
11339K

---

**marc cooper** <marccooper5@gmail.com>
To: joseurena@aol.com

Tue, Sep 13, 2022 at 9:00 PM

[Quoted text hidden]

📄 **motiontorecuse.pdf**
11339K

---

**marc cooper** <marccooper5@gmail.com>
To: loreley fernandez <loreley123@yahoo.com>

Fri, Sep 16, 2022 at 8:58 AM

[Quoted text hidden]

9/22/22, 12:28 PM                                        Gmail - (no subject)

· 📄 motiontorecuse.pdf
   11339K

___

marc cooper <marccooper5@gmail.com>                      Mon, Sep 19, 2022 at 9:53 AM
To: "info@miamiprocessserver.com" <info@miamiprocessserver.com>

[Quoted text hidden]

___

📄 motiontorecuse.pdf
   11339K

___

Info <info@miamiprocessserver.com>                       Mon, Sep 19, 2022 at 10:12 AM
To: marc cooper <marccooper5@gmail.com>, Info <info@miamiprocessserver.com>

Good morning,

Our fees vary on your deadline so please let us know your preference—

Routine service in the Two-County Area of Miami-Dade, Broward is $65.00 per service Routine service is first attempted 48 to 72 hours upon receipt*.

Rush service, which is considered next-day service, is $130.00 per service. Rush service is first attempted within 24 hours upon receipt*.

Priority Service, which is considered same-day service, is $195.00 per service. Priority service is attempted within the same day upon received.

We do not charge per attempt and that is for up to 3 attempts.

If personal service is required please add $25.

Upon service you will receive an automated email advising you of the manner served, date and time.

An affidavit of Service will be prepared, signed, notarized then e-mailed. We will send the original by mail.

The first 20 pages printed are complimentary, after 20 pages, all additonal pages will be charged at $0.15 per page.

Please feel free to contact us for any further questions.

*We do require prepayment for service. Attached please find our credit card authorization form. Please be advised that under company policy, we cannot proceed with services until same is rendered.

Thank you,

YILIAN QUIROS

305 871 6477

**Administrative Assistant**                                    info@miamiprocessserver.com

Civil Process and P.I. Services | Jose H. Mejia, P.I., Inc.      www.miamiprocessserver.com

161-E Bentley Drive Miami Springs, FL 33166

[Quoted text hidden]

📄 **CC Authorization FORM .pdf**
150K

---

**marc cooper** <marccooper5@gmail.com>                          Mon, Sep 19, 2022 at 10:23 AM
To: Info <info@miamiprocessserver.com>

[Quoted text hidden]

📄 **IMG_20220919_0001.pdf**
705K

---

**marc cooper** <marccooper5@gmail.com>                          Mon, Sep 19, 2022 at 10:24 AM
To: Info <info@miamiprocessserver.com>

1909 ne168 st
[Quoted text hidden]

---

**Leslie Perez** <Lperez@miamiprocessserver.com>                 Mon, Sep 19, 2022 at 11:10 AM
To: Info <info@miamiprocessserver.com>, "marccooper5@gmail.com" <marccooper5@gmail.com>

Good Morning

Your credit card payment has recently declined. Please verify information or update your credit card on file, in order to proceed with your request. Job will be on hold until payment is received.

*Leslie Perez*

*Accounts Receivable*

JOSE H. MEJIA, P.I., INC161-E Bentley Drive

Miami Springs, FL 33166

*(305) 871-6477 Phone*

*(305) 871-6480 Fax*

*lperez@miamiprocessserver.com*

[Quoted text hidden]

---

**marc cooper** <marccooper5@gmail.com>
To: Leslie Perez <Lperez@miamiprocessserver.com>

Mon, Sep 19, 2022 at 11:34 AM

Pls run again, I transferred money
[Quoted text hidden]

---

**Leslie Perez** <Lperez@miamiprocessserver.com>
To: marc cooper <marccooper5@gmail.com>
Cc: Info <info@miamiprocessserver.com>

Mon, Sep 19, 2022 at 11:36 AM

Thank you for your recent payment, please find receipt attached.

Have a great day.

*Leslie Perez*

*Accounts Receivable*

JOSE H. MEJIA, P.I., INC161-E Bentley Drive

Miami Springs, FL 33166

*(305) 871-6477 Phone*

*(305) 871-6480 Fax*

*lperez@miamiprocessserver.com*

[Quoted text hidden]

📄 **Receipt of Payment Job # Mr. Cooper.pdf**
49K

---

**Info** <info@miamiprocessserver.com>
To: marc cooper <marccooper5@gmail.com>

Mon, Sep 19, 2022 at 11:40 AM

. IS THIS THE SERVICE ADDRESS?

[Quoted text hidden]

Mon, Sep 19, 2022 at 11:40 AM

**marc cooper** <marccooper5@gmail.com>
To: Info <info@miamiprocessserver.com>

Yes. I believe so, it's a law office
[Quoted text hidden]

Mon, Sep 19, 2022 at 11:42 AM

**Info** <info@miamiprocessserver.com>
To: marc cooper <marccooper5@gmail.com>

PLEASE SEND ZIP CODE TO DOUBLE CHECK ADDRESS

[Quoted text hidden]

Mon, Sep 19, 2022 at 11:56 AM

**marc cooper** <marccooper5@gmail.com>
To: Info <info@miamiprocessserver.com>

I'm Marc cooper and cazeau the attorney is being served
[Quoted text hidden]

Mon, Sep 19, 2022 at 3:11 PM

**marc cooper** <marccooper5@gmail.com>
To: Info <info@miamiprocessserver.com>

Hi, will you send the information when completed?
[Quoted text hidden]

Tue, Sep 20, 2022 at 7:11 AM

**Info** <info@miamiprocessserver.com>
To: marc cooper <marccooper5@gmail.com>, Info <info@miamiprocessserver.com>

Yes, I will. Thank you!

[Quoted text hidden]

Thu, Sep 22, 2022 at 4:22 AM

**marc cooper** <marccooper5@gmail.com>
To: Info <info@miamiprocessserver.com>

Gm. Pls email me copy of proof of service . Thank you
[Quoted text hidden]

## A HEARING BEFORE THE HONORABLE SPECIAL MASTER CITY OF OPA LOCKA, FLORIDA

**CITY OF OPA LOCKA**

    Plaintiff,

VS.

**25th AVE WAREHOUSE LLC and 24 TH A VE WAREHOUSE LLC**

    Defendant.

_____/

**Case No.: CE 21120002, CE21090056, CE21109057**

**VERIFIED RETURN OF SERVICE**

 

\*947239\*

Pursuant to the request of **MARC COOPER**, received this process on **09/19/2022 at 5:38 PM** to be served upon:

**SPECIAL MASTER MS. BEAUTIZE CAZEAU**

State Of Florida
COUNTY OF MIAMI-DADE    ss.

I, Jose H. Mejia, depose and say that:
On 09/20/2022 at 11:37 AM, I served the within **Motion to Recuse Judge/Special Magistrate and Motion for Rehearing and Reconsideration / VERIFIED MOTION TO DISQUALIFY AND IN CORPORA TED MEMORANDUM OF LAW** on **SPECIAL MASTER MS. BEAUTIZE CAZEAU** at **C/O CAZEAULAW FIRM 1909 NE 168TH STREET , NORTH MIAMI BEACH, FL 33162** in the manner indicated below:

**INDIVIDUAL SERVICE:** - F.S. 48.031 (1)(a): By delivering to the within named person a true copy of this process with the date and hour of service endorsed thereon by me, and a copy of the complaint, petition or other initial pleading or paper (if any) and informing the person of the contents.

I certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or Special Process Server in good standing in the judicial circuit/county in which the process was served or am otherwise duly authorized to have served process in the jurisdiction where process was served.

Under penalty of perjury I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.

X_____
**Jose H. Mejia** - Cert/Appt#: 351
Notary Not Required Pursuant To F.S. 92.525.
JOSE H. MEJIA P.I.; 161 BENTLEY DR.; MIAMI SPRINGS, FL 33166; 3057973992

A HEARING BEFORE THE HONORABLE SPECIAL MASTER ,

CITY OF OPA LOCKA, FLORIDA

CITY OF OPA LOCKA

Petitioner,

vs.

25th AVE WAREHOUSE LLC and

24TH AVE WAREHOUSE LLC

Respondents,

CE 21120002, CE21090056, CE211090057

www.MiamiProcessServer.com
161 Bentley Drive
Miami Springs FL 33166
Ph: 305-871-6477

REC'D:
SERVED: Special Master Ms. Beaytize Cazeau
DATE: 9/20/2022   TIME: 11:37 AM
PS: JOSE H. MEJIA

(Print / Sign Name)
CERTIFIED IN THE CIRCUIT COURT OF
11 Judicial Circuit Cert # 351

## Motion to Recuse Judge/Special Magistrate and Motion for Rehearing and Reconsideration

## VERIFIED MOTION TO DISQUALIFY AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Respondents, by and through its Manager, pursuant to Rule 2.330, Florida Rules of Judicial Administration, and hereby files this Verified Motion to Disqualify and Incorporated Memorandum of Law, and Motion for Rehearing and Reconsideration, and in support thereof, states as follows:

1. Rule 2.330, Fla. R. Jud. Admin. allows a party to seek disqualification of the assigned trial judge where the party feels it will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge. Rule 2.330 (f), Fla. R. Jud. Admin. provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall immediately enter an order granting disqualification and proceed no further in the action."

2. This Motion is timely filed. The principal facts constituting the grounds for this Motion occurred at the August 30, 2022, Code Enforcement Hearing presided upon by the Honorable Beatrize Cazeau. The Magistrate's actions were contemporaneously objected to at the hearing by the Respondent and this motion is being presented to the same Magistrate for an immediate ruling. An audio copy of the hearing has been requested and will be filed upon receipt (See attached 1).

3. This Motion is filed with all due respect to the Court. Under the circumstances the Respondent believes disqualification is the only remedy.

4. A recitation of the occurred facts is as follows:

5. During the August 30, 2022, hearing, while addressing the merits of the Respondent's case, the Special Magistrate allowed herself to be communicated with by the Code Enforcement Officer seated immediately to her left in an off the record manner. After this communication occurred for about 30 seconds the Magistrate



judge then asked a question of the city's witness. The Respondent immediately requested that the Magistrate put on the record the content of the ex-parte communications she had just had with the Code Enforcement officer. The Magistrate ignored the Respondent's request and continued to have Ex-Parte communications with the Code Enforcement Officer. The Respondent then Objected again and asked that the Ex-Parte communications stop. The Magistrate stated that she was communicating with the Code Enforcement officer not while issuing her judgement on the case as of this distinction cured the matter. The Responded asked that the content of the conversation be put on the record. It was not.

6. Later when the Respondent's next case was called up, the Magistrate communicated off the record with a person to her right. The Respond then objected to the ex-parte communications and was told by the Magistrate that the person she was communicating with was her clerk. There was no way for the Respondent to know this. The Respondent reminded the Magistrate that she never put on the record her ex-parte communications in the prior case. Again the Magistrate did not clear the record.

7. The Respondent informed the Magistrate that her actions were making a mess of the hearing, that she had "blown off" his request to clarify the content of the ex-parte communications, and that and that he would be appealing.

8. The hearing ended.

## MEMORANDUM OF LAW

Rule 2.330, Fla. R. Jud. Admin., allows a party to seek disqualification of the assigned trial judge where the party feels he will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge. Rule 2.330(f), Fla. R. Jud. Admin. provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall immediately enter an order granting disqualification and proceed no further in the action."

The Respondent believes the Court is prejudiced against him. The Magistrate allowed itself to be communicated with in an ex-parte manner while addressing the Respondent's case and when prompted did not put on the record the nature of the communication. Thus, the Respondent's fear that he did not receive a fair hearing is well-founded, objective, and reasonable.

"When a judge enters into the proceedings and becomes a participant or an advocate, a shadow is cast upon judicial neutrality." R.O. v. State, 46 So. 3d 124, 126 (Fla. 3d DCA 2010); see also Williams v. State, 160 So. 3d 541, 544 (Fla. 4th DCA 2015). Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle. See Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993) (holding that a trial judge's provision of strategic advice to a party during a trial demonstrated impermissible bias); see also J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998) (disapproving a trial judge who assisted with a delinquency prosecution by requesting the production of additional State's evidence).

"Prejudice of a judge is a delicate question to raise, but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself." Livingston v. State, 441 So.2d 1083, 1085 (emphasis added). Where there is any legally sufficient basis, whether factually accurate or not, for a founded fear of possible prejudice to exist in the mind of a defendant, recusal is mandated. See, e.g., Management Corporation of America, Inc. v. Grossman, 396 So.2d 1169 (Fla. 3rd DCA 1981).

A motion to disqualify a judge must establish a fear on the part of the movant that he or she will not receive a fair and impartial hearing. *See, Quince v. State*, 592 So. 2d 669, 670 (Fla. 1992). The motion "must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy." *Rivera v. State*, 717 So. 2d 477, 480-81 (Fla. 1998). The instant motion is well founded, based on the record, and respectfully consists of germane facts showing the bias and prejudice of the Court.

In determining the legal sufficiency of a motion to disqualify, a court looks to see whether the facts alleged would place a reasonably prudent person in fear of not receiving fair and impartial treatment from the trial judge. *See, e.g. Johnson v. State*, 769 So. 2d 990 (Fla. 2000).

In the instant case, a reasonably prudent person, would be in fear that the Court, because its ex-parte communications with the Petitioner deprived the Respondent of fair and impartial treatment.

## MOTION FOR REHEARING AND RECONSIDERATION

Respondent respectfully requests that the cases be Reheard and Reconsidered by a subsequent Magistrate Judge free from any Ex-Parte communications with either side.

WHEREFORE, Defendant prays this Honorable Court enter an Order of Recusal.

## CERTICIFATE OF SERVICE

RESPONDENT's Manager Marc Cooper hereby certifies that the foregoing document has been emailed to the City of Opa Locka City Attorney Burnadette Norris-Weeks, at cityattorney@opalockafl.gov and to the Special Master at Ms. Beautize Cazeau, at beatrice@cazeaulawfirm.com and filed with the City of Opa Locka Clerk of the City, on September 6, 2022.

## Verified Declaration

Pursuant to F.S. 92.525(b), Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true and correct.

Respectfully Submitted,

Marc Cooper

6801 sw 75 Terrace

Miami, Fl. 33143

Marccooper5@gmail.com

305-316-0626

≡  **M** Gmail

🔍  city of opa locka

Compose

| | |
|---|---|
| Inbox | 165,306 |
| Starred | |
| Snoozed | |
| Important | |
| Sent | |
| **Drafts** | 860 |
| Categories | |
| More | |

**Labels**

| | |
|---|---|
| [Imap]/Trash | 36 |
| Notes | |
| Personal | |
| Travel | |
| More | |

# City of Opa-locka - Public Records Reque:

**JustFOIA Notification** <donotreply@request.justfoia.com>
to me

Dear Requestor,

Your public records request has been received by the Opa-locka City Cl

Your security key is 634934.

Your request reference number is Request Number: PR-2022-33.

Please have this security key and reference number available when con

We are committed to responding to your public records request in a time

Opa-locka City Clerk's Office

780 Fisherman St, 4th floor
Opa-locka, FL 33054

305-953-2868 ext 1103

jflores@opalockafl.gov

*Note: This is an automated email notification. Please do not respond to

( Reply )    ( Forward )